United States District Court
Southern District of Texas
**ENTERED**
June 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM ARNAL HALL, § | |
| SPN # 00741456, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-02048 |
| § | |
| ED GONZALEZ, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner William Arnal Hall filed a petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) while detained in the Harris County Jail. After review under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, and having considered the pleadings, the applicable law, and all matters of record, the Court will **DISMISS** this case for the reasons explained below.

**I.    BACKGROUND**

In his current petition, Hall challenges his conviction and life sentence for second degree sexual assault in Case Number 443468, 338th District Court of Harris County, Hon. Mary Bacon presiding. *See* Dkt. 1; Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited June 30, 2021). The trial court sentenced Hall on May 12, 1986. Hall appealed, and the appellate court reversed and remanded for a new punishment hearing. *Hall v. State*, No. B14-86-368CR, 1987 WL 15049 (Tex. App.–Hou. [14th Dist.] July 30, 1987).

Following remand, the trial court again sentenced Hall to life in prison, and the appellate court subsequently affirmed the sentence. *Hall v. State*, No. C14-87-00933-CR, 1989 WL 31758 (Tex. App.–Hou. [14th Dist.] Apr. 6, 1989). Hall did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Hall's conviction has been upheld on state and federal habeas review. Hall filed multiple state habeas applications, all of which were denied on the merits or dismissed. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited June 30, 2021) (WR-17,863-01; WR-17,863-02; WR-17,863-03; WR-17,863-04; WR-17,863-05; WR-17,863-06; WR-17,863-07; WR-17,863-12). In 2013, Hall filed a federal habeas petition, which the court dismissed as time-barred. *See Hall v. Stephens*, Civil Action No. 4:13-3121 (S.D. Tex. June 23, 2015). Hall also filed a federal petition in April 2021, which the court dismissed as an unauthorized successive petition. *See Hall v. HCSO*, Civil Action No. 4:21-1119 (S.D. Tex. Apr. 29, 2021).

Hall's currently pending federal petition, executed on June 3, 2021, claims that his life sentence is unconstitutional on multiple grounds, including the guarantee of due process of law, the provision against double jeopardy, and the Eighth Amendment (Dkt 1).

## II. **<u>DISCUSSION</u>**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2241 *et seq*. Because Hall's current

petition challenges his conviction and sentence from 1986, his claim is barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Hall's petition presents no valid argument for timeliness under § 2244(d) or for statutory or equitable tolling of the limitations period. More importantly, Hall has previously brought federal habeas corpus proceedings challenging his 1986 conviction.

The AEDPA imposes restrictions on "second or successive" applications for habeas relief. Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If a pending petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit. "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). A prisoner's application is not "second or successive" merely because it follows an earlier petition, but rather when it either: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Cain*, 137 F.3d at 235; s*ee Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012). A petitioner seeking authorization to file a successive petition must seek that authorization from the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A).

Hall's petition in this case meets the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003). To the extent his petition re-urges habeas claims that were dismissed in his earlier federal proceedings, his claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed"). To the extent he brings new habeas claims, Hall does not present authorization from the Fifth Circuit to file his current petition. Therefore, even assuming that Hall could satisfy the strict standards in 28 U.S.C. § 2244(b)(2) for new claims, this Court would lack jurisdiction over the claims. *See* 28 U.S.C. § 2244(b)(3)(A); *Adams*, 679 F.3d at 321; *Crone*, 324 F.3d 837-38.

Because the appellate court has not authorized a successive petition, this Court lacks jurisdiction over Hall's habeas claims challenging his 1986 conviction and sentence. Therefore, the Court will dismiss this habeas action as an unauthorized successive writ.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV. <u>**CONCLUSION**</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. This habeas action is **DISMISSED** without prejudice as an unauthorized successive petition.

2. All pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, this 30th day of June, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE